# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JENNIFER OHAMA         | CIVIL ACTION    |
|------------------------|-----------------|
| v.                     | NO. 19-2150     |
| ALAN M. MARKOWITZ      |                 |

## MEMORANDUM RE: MOTION FOR RECONSIDERATION

**Baylson, J.**                                                         **March 6, 2020**

### I.  Introduction and Background

This case arises out of a dispute between Jennifer Ohama ("Plaintiff") and Alan Markowitz ("Defendant") who were formerly romantic partners. Plaintiff alleges that Defendant is liable for failing to comply with a settlement agreement that was drafted after the parties ended their relationship.

On January 21, 2020, the Court dismissed Count III (Intentional Misrepresentation) and Count IV (Negligent Misrepresentation) of Plaintiff's Amended Complaint, and denied Defendant's Motion to Dismiss as to Count I (Breach of Contract), Count II (Breach of Oral Contract), and Count V (Palimony). (ECF 19 (Memorandum); ECF 20 (Order).)

Currently pending before the Court is Defendant's Motion for Reconsideration of the Court's decision not to dismiss Count V for "Palimony."[1] (ECF 21.) Plaintiff responded in opposition, (ECF 25), and Defendant replied in support, (ECF 26.)

For the reasons that follow, Defendant's Motion for Reconsideration is denied.

---

[1] The term "palimony" refers to the right of one partner to seek financial support from her long-term nonmarital partner based on a clear agreement providing for support.

1

## II. Parties' Contentions

Defendant asserts that because palimony is not a cognizable cause of action under Pennsylvania law, Count V should have been dismissed. (ECF 21, Defendant's Motion for Reconsideration at 1.) Defendant contends that recognizing palimony as a cause of action is a "clear error of law" that requires the Court's reconsideration. (Id. at 3.) Plaintiff responds that "Defendant's argument is based entirely on the label attached to Plaintiff's claim, but he fails to articulate any substantive basis for concluding that Count V … does not state a viable cause of action for relief under Pennsylvania law." (ECF 25, Plaintiff's Opposition at 3.)

## III. Discussion

Defendant's Motion for Reconsideration of the Court's decision not to dismiss Count V, Palimony is denied for three reasons.

First, although the law on the viability of palimony as a cause of action is undeveloped, there are at least three Superior Court cases holding that a nonmarried cohabitant can recover from her partner in contract where the parties have an agreement, provided the agreement does not involve payment for sexual services. See Knauer v. Knauer, 470 A.2d 553, 564 (Pa. Super. Ct. 1983) ("[A]greements between nonmarried cohabitors fail only to the extent that they involve payment for sexual services."); Baldassari v. Baldassari, 420 A.2d 556, 559 (Pa. Super. Ct. 1980) ("[A]n agreement founded upon mutual concern for the rearing of the natural bounty of the contracting parties will not be invalidated simply because the parties engaged in sexual conduct prior to the formation of the agreement and may have subsequently continued such relations, when that activity does not form a basis for the agreement."); see also De Santo v. Barnsley, 476 A.2d 952, 955 (Pa. Super. Ct. 1984) (recognizing that, in permitting recovery on a nonmarital agreement based on principles of contract law, Knauer "follow[ed] 'palimony' cases from other states").

None of these cases expressly articulated "palimony" as the nature of the action, though Knauer arguably affirmed it by implication. See Knauer, 470 A.2d at 564 ("While … suit on an express contract between [unmarried cohabiting] parties is a recent development, the premise of this cause of action is consistent with our earlier cases which permitted non-married cohabitors to sue in equity for a partition of property.") (emphasis added). Defendant cites no case in which a court dismissed a "palimony" claim simply because the complaint contained other breach of contract claims, nor does Defendant cite a Supreme Court of Pennsylvania case expressly rejecting palimony as a standalone cause of action. Whatever the technical nature of "palimony," Baldassari, Knauer, and Barnsley clearly recognize that recovery on an agreement between nonmarital cohabitors is permitted under Pennsylvania law as long as there is no payment for sexual services. It is simply not the case that "there is no basis in law" for Plaintiff's palimony claim, and dismissal at this early stage is not warranted. Pryze v. Castle, No. CIV. A. 00-CV-4712, 2001 WL 179880, at *1 (E.D. Pa. Jan. 19, 2001) (Ludwig, J.).

Second, under the Federal Rules of Civil Procedure, a plaintiff is permitted to plead alternative theories of liability. Fed. R. Civ. P. 8(d). Therefore, Plaintiff may plead that her right to recovery arises from Defendant's breach of their contract as memorialized in the Settlement Agreement, and may alternatively plead that her right to relief arises from representations that were made during and after their cohabitation. The fact that these two theories overlap factually and legally does not require dismissal. Moreover, "constru[ing] the complaint in the light most favorable to the plaintiff," as is required at the motion to dismiss stage, weighs against granting Defendant's Motion because ambiguity in the availability of Plaintiff's palimony legal theory should be resolved in her favor. Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).

Third, denying Defendant's Motion for Reconsideration does not contravene the Third Circuit's instruction that, where there are "two competing yet sensible interpretations of Pennsylvania law … the interpretation that restricts liability, rather than expands it" should be followed. Werwinski v. Ford Motor Co., 286 F.3d 661, 680 (3d Cir. 2002). As Plaintiff points out, her palimony claim does not request relief beyond what she seeks for the breach of contract claims. (Plaintiff's Opposition at 3.) Because the palimony count does not expand the scope of Defendant's liability, Werwinski is not violated.

It may be proper to grant summary judgment on the palimony count as a matter of law and nothing precludes Defendant from raising this challenge in a subsequent Rule 56 motion. However, because Pennsylvania courts have permitted recovery in cases involving the "palimony" set of facts, and because Plaintiff's palimony theory does not expand Defendant's liability, dismissal on Defendant's Rule 12(b)(6) motion is premature.

O:\CIVIL 19\19-2150 Ohama v Markowitz\19cv2150 Memorandum re Motion for Reconsideration.docx